**STATE of Minnesota, Respondent,**

v.

**Jay Dean HUGHES, Appellant.**

**No. C3–84–583.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Robert W. Kelly, Washington County Atty., Stillwater, for respondent.

James E. Ostgard, II, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Jay Dean Hughes appeals his gross misdemeanor conviction of driving with a blood alcohol concentration of more than .10. Hughes contends the circumstantial evidence was insufficient to convict him and the court erroneously admitted hearsay evidence. We affirm.

## FACTS

Minnesota State Trooper Stevan Pott was on patrol in Washington County when he received a radio call directing him to a motorcycle accident with injuries at the intersection of Highway 36 and Interstate 694. Pott arrived at the scene a minute to two minutes after the call. He found a scratched and bent motorcycle in the middle of the ramp leaving 36. Skid marks approximately 150 feet long indicated the motorcycle had gone off the edge of the ramp into the sand and struck a post. Hughes was lying unconscious in the weeds next to the ramp about six to eight feet from the motorcycle. He was bleeding from the head and face. Two bystanders were unable to provide Pott with any information about the accident. The two people told Pott that they had been driving and found the motorcycle on the ramp. They both said Hughes had been drinking. Pott did not get the names of the bystanders.

There were no other people at the scene when Pott arrived. After his arrival, the only individuals who came to the scene were the ambulance personnel and other officers.

In Pott's opinion the motorcycle either had been going too fast to make the turn onto the ramp or the driver had failed to negotiate the turn, leaving the ramp and striking the post before being thrown.

The motorcycle was registered to Hughes.

The defense stipulated that Hughes' blood test revealed an alcohol concentration of .20, and that he had a prior conviction for DWI in 1980.

## ISSUES

1. Was the evidence sufficient to convict Hughes of driving while intoxicated?

2. Did the trial court err by relying on out of court statements made by bystanders?

## ANALYSIS

### I.

After a trial to the court Hughes was found guilty of driving, operating, or being in physical control of a motor vehicle while his alcohol concentration was over .10 within five years of a previous conviction in violation of Minn.Stat. § 169.121, subd. 3 (Supp.1983). He contends that his conviction must be reversed because the evidence that he was the driver is circumstantial and there is no evidence inconsistent with his claim that he was a passenger. He assets that someone else, perhaps one of the bystanders, was the driver of the motorcycle.

Hughes waived his right to a jury trial and the case was tried to the court. In reviewing the sufficiency of the evidence in criminal cases, the same standard of review will apply to cases heard with or without a jury. *State v. Cox*, 278 N.W.2d 62, 65 (Minn.1979). If, based on the evidence contained in the record, the district court could reasonably have found Hughes guilty of driving with a blood alcohol concentration of over .10, the court's findings must be upheld. *See Id.* The evidence is viewed in a manner most favorable to the State and it is assumed the court disbelieved any testimony conflicting with the result reached. *Id.*

A conviction based on circumstantial evidence can be sustained only when "the reasonable inferences from such evidence are consistent only with defendant's guilt and inconsistent with any rational hypothesis except that of his guilt." *Hanson v. State*, 345 N.W.2d 794, 796 (Minn.Ct. App. May 1984) (quoting *State v. Threinen*, 328 N.W.2d 154, 156 (Minn.1983).

The trial court was warranted in rejecting Hughes' theory that he was a passenger because the theory was "too speculative to create a reasonable doubt." *See State v. Lloyd*, 345 N.W.2d 240, 245 (Minn.1984). Under these facts it was not a *rational* hypothesis.

Hughes blood alcohol concentration was .20. This direct evidence, together with rational inferences from circumstantial evidence, is sufficient for the court to find Hughes guilty of the gross misdemeanor of driving with a blood alcohol concentration of over .10.

### II.

The trial court found among other things that "[t]here were two persons on the scene who were unidentified, but neither saw how the action occurred * * *." Hughes contends that bystanders statements were basically denials that either was the driver of the motorcycle and that neither had seen any other driver.

At trial the prosecutor established that Pott saw two people when he arrived at the accident scene. The testimony then was as follows:

"Q. Did you speak to either of these two people?

A. Both of them, yes.

Q. Were they able to provide you with any information pertaining to the accident?

A. No, they just—they both said that he had been drinking.

Mr. Ostgard: Objection. Hearsay, your Honor.

The Court: Overruled.

The Witness: They had been driving and the found the bike in the middle of the ramp."

In cross-examination Hughes' counsel asked:

"Q. And furthermore, no one that you talked to at the scene had seen the accident?

A. That's correct.

Q. No one at the scene had seen Mr. Hughes driving the motorcycle?

A. That's correct.

We find no reversible error. An error in the admission of the evidence may be waived by a party introducing the evidence itself. *Jones v. Fleischhacker*, 325 N.W.2d 633, 639 (Minn.1982). Even if the statements made by Pott on direct examination were inadmissible the statements were harmless beyond a reasonable doubt since Hughes' counsel elicited almost identical evidence on cross examination.

### DECISION

The evidence was sufficient to convict Hughes of the crime charged. Any error in admitting out of court statements by bystanders was harmless beyond a reasonable doubt.

Affirmed.