STATE of Minnesota, Respondent,

v.

Carl Lee ELLER, Appellant.

No. A09–378.

Court of Appeals of Minnesota.

March 30, 2010.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

Albert T. Goins, Sr., Goins Law Office, Ltd., Rick L. Petry, Rick L. Petry & Associates, P.A., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; CONNOLLY, Judge; and JOHNSON, Judge.

## OPINION

CONNOLLY, Judge.

On appeal from his conviction for gross-misdemeanor driving while impaired (DWI)—refusal to submit to a chemical test and gross-misdemeanor assault following a stipulated-facts trial, appellant argues (1) the evidence was insufficient to find that appellant had a prior DWI conviction or that he refused to submit to testing; (2) the district court abused its discretion in sentencing appellant based on extrajudicial statements purportedly made by him; and (3) the district court erred by failing to afford appellant the presumption of innocence and the benefit of all reasonable doubt. We affirm.

## FACTS

On April 9, 2008, at approximately 1:00 a.m., two Minneapolis police officers in a squad car observed appellant Carl Lee Eller driving at high speed. They also observed him driving through a stop sign without stopping. Appellant drove his car in the direction of the squad car, then swerved toward it, missing it by inches. The officers believed appellant was trying to strike their car. Appellant drove away, again at high speed, and the officers turned on their lights in pursuit. Appellant drove through a second stop sign without stopping, and eventually pulled into his driveway.

When the officers approached appellant's car, appellant locked his car doors and stared at them. The officers ordered appellant to get out of his car with his hands up, but appellant stayed in his car

and did not respond. Appellant then opened his garage door and pulled his car into the garage; in doing so, he nearly struck one of the officers. He then attempted to close his garage door, but one of the officers stopped it from closing. Appellant got out of his car and attempted to enter his residence, ignoring the officers' instructions to stop and show them his hands. When the officers attempted to handcuff him, appellant stated, "I'm gonna kick your -ss if you don't let me go," and "I'm going to f-cking kill you now." Appellant struggled with and assaulted the officers, throwing one onto appellant's car. He punched the other officer in the face, and also grabbed the officer's left calf, finger, and thumb. The officers used their tasers on appellant, but appellant was apparently unaffected by them and continued to struggle. Additional officers arrived and finally subdued appellant. During their contact with appellant, officers detected the "strong odor of alcoholic beverages" on him. Based on appellant's driving, his conduct with the officers, and the odor of alcohol, the officers arrested appellant for driving under the influence of alcohol.

Appellant was brought to the Minneapolis Chemical Testing Unit and read the implied-consent advisory. Appellant refused to submit to a chemical test. The officers discovered that appellant had been convicted in March 2006 for gross-misdemeanor refusal to submit to a chemical test after suspicion of driving under the influence of alcohol, and that appellant had been on probation for that offense until March 20, 2008. Appellant was subsequently charged with four counts, two of which were eventually dropped pursuant to an agreement with the state. The two remaining counts were gross-misdemeanor counts of (1) assault in the fourth degree in violation of Minn.Stat. § 609.2231, subd. 1 (2006), and (2) second-degree DWI for re-fusal to submit to chemical testing in violation of Minn.Stat. §§ 169A.20, subd. 2, and .25, subd. 1(b) (2006).

The district court held an omnibus hearing, but prior to the hearing's completion appellant waived his right to a jury trial and agreed to a stipulated-facts trial. After the stipulated-facts trial, appellant was found guilty of both charges in a detailed opinion by the district court. This appeal follows.

## ISSUES

I. Was the evidence, including the factual portion in the probable-cause section of the criminal complaint, sufficient to support appellant's conviction?

II. Was appellant's sentence improperly influenced by statements appellant made outside of court?

III. Did the district court fail to afford appellant a presumption of innocence and the benefit of reasonable doubt?

## ANALYSIS

**I. The district court could consider the factual portion in the probable-cause portion of the criminal complaint, along with any other stipulated fact, in determining whether there was sufficient evidence to support appellant's conviction.**

Because appellant agreed to a stipulated-facts trial under Minn. R.Crim. P. 26.01, subd. 3, rather than subd. 4, his ability to raise a sufficiency-of-the-evidence challenge has been preserved. In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the fact-finder to reach the resulting verdict. *State v. Webb*, 440

N.W.2d 426, 430 (Minn.1989). The reviewing court will not disturb the verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *State v. Alton*, 432 N.W.2d 754, 756 (Minn.1988). "In reviewing the sufficiency of the evidence in criminal cases, the same standard of review will apply to cases heard with or without a jury." *State v. Hughes*, 355 N.W.2d 500, 502 (Minn.App.1984), *review denied* (Minn. Jan. 2, 1985).

■ First, appellant argues that the state provided insufficient evidence of an essential element of a charge of second-degree DWI, specifically the required element that an aggravating factor existed when the violation was committed. *See* Minn.Stat. §§ 169A.25, subd. 1(b) (providing that a person who refuses a chemical test is guilty of second-degree DWI if one aggravating factor was present when the violation was committed), .03, subd. 3(1) (2006) (defining "aggravating factor" as including a "prior impaired driving incident"). "Due process requires that every element of the offense charged must be proven beyond a reasonable doubt by the prosecution." *State v. Cross*, 577 N.W.2d 721, 726 (Minn.1998). When a prior conviction is an element of a charged offense, proof of the prior conviction can be "established by competent and reliable evidence, *including* a certified court record of the conviction." Minn.Stat. § 609.041 (2006) (emphasis added).

■ A certified court record of appellant's prior conviction for refusing to submit to a chemical test was never introduced by the state in this trial. In appellant's stipulated-facts trial, the dis-

trict court accepted three exhibits from the state without objection from appellant: the amended criminal complaint, a DVD containing audio and video footage of the implied-consent reading, and the police report. The district court also considered three other exhibits that were introduced in appellant's omnibus hearing, again without objection: a hand-drawn exhibit, and two implied-consent advisories. The district court then closed the record. After the record was closed and the hearing concluded, one of the prosecutors informed appellant's counsel that it had failed to submit a certified copy of appellant's prior conviction and asked whether appellant would agree to reopening the record to allow admission of that evidence. Appellant refused.

The prosecutor's failure to timely submit a certified copy of the prior conviction at the hearing is puzzling, especially since it is apparent from the record that a certified copy of the conviction was readily available. The record also shows that three assistant county attorneys were present on behalf of the state and, after they had presented their exhibits, the district court gave the state an additional opportunity to present evidence before it closed the record. The state declined to do so. On this record, we conclude that the state's attempt to introduce the certified copy into evidence after the record was closed was properly rejected by the district court.[1]

■ But section 609.041 does not mandate that only a certified record may be used to prove a prior conviction. Rather, it requires only that proof of the conviction is established by competent and reliable evidence, and that such proof may "include" a certified court record. The statute does not limit such proof to a certified

---

1. It would have been error for the district court to consider evidence in a stipulated-facts trial whose admission was never agreed to by all parties.

court record. While a certified copy of a conviction is undoubtedly competent and reliable evidence, we are convinced that a sworn statement, in the factual portion of the probable-cause section of a criminal complaint, which both sides have stipulated can be admitted into evidence, can also constitute sufficiently competent and reliable evidence of a prior conviction.

■ Here, in the probable-cause portion of the criminal complaint, the investigating officer stated that "[r]ecords of the Hennepin County District Court reflect that [appellant] has a prior driving while impaired with a refusal to submit to a chemical test. On March 20, 2006, [appellant] was convicted of Driving While Impaired Refusal to Submit to a Chemical Test." Moreover, in the police report, which was also introduced as an exhibit at trial, the same officer stated that this incident constituted a qualifying factor for enhancing appellant's charge to second-degree DWI. We conclude that this evidence, particularly the criminal complaint, is sufficiently competent and reliable to establish the fact of appellant's prior conviction. *See* Minn. Stat. § 609.041.

■ At oral argument, appellant's counsel challenged the use of the criminal complaint as evidence, arguing that the sole purpose for which appellant stipulated to the complaint was to inform the court of the offenses with which appellant had been charged. We agree that a defendant may qualify his stipulation to the admission of the criminal complaint in a stipulated-facts trial for this limited purpose. But in this case, appellant did not object to, or otherwise qualify his stipulation as to how the complaint could be used. It has been established that a district court may consider the facts alleged in a criminal complaint in determining whether an adequate factual basis exists for a plea. *See, e.g., State v. Trott,* 338 N.W.2d 248, 252 (Minn.1983)

(concluding that adequate factual basis for a plea existed in part because, in pleading guilty, the defendant admitted to the facts alleged in the criminal complaint); *State v. Hoaglund,* 307 Minn. 322, 240 N.W.2d 4, 6 (1976) (considering the contents of the criminal complaint, among other documents in the record, before concluding that a plea lacked adequate factual basis). While the issue in the present case is whether the state satisfied its burden of proof, the question of appellant's prior conviction was simply and easily answered by the facts alleged in the probable-cause section of the complaint. We therefore discern no error in the district court's treatment or use of the facts alleged in the factual portion of the probable-cause section of the complaint as evidence supporting the existence of appellant's prior conviction for the purpose of finding appellant guilty of the charged offense, because he stipulated to the complaint as evidence.

■ Second, appellant argues that the state presented insufficient evidence to prove that he actually refused to submit to a chemical test, pointing to the fact that the video footage of appellant's arrest contains no footage of appellant being asked to take a test. This video footage was included in the record, and the video ends before appellant is asked to submit to chemical testing. The police report states that the camera recording appellant's arrest ran out of tape before appellant was asked to take a chemical test. But the police report also contains multiple statements from police officers indicating that appellant was asked whether he would submit to chemical testing and that appellant refused to answer. Failure to respond to a request to take a breath test may constitute refusal under the implied-consent law. *Gabrick v. Comm'r of Pub. Safety,* 393 N.W.2d 23, 25 (Minn.App. 1986). Viewed in the light most favorable

to the conviction, *Webb,* 440 N.W.2d at 430, we conclude that this evidence was sufficient to allow the district court to determine that appellant refused to submit to chemical testing.

## II. In sentencing appellant, the district court did not rely on statements appellant made outside of court.

Appellant argues that the district court improperly considered statements that appellant made regarding the police and the district court during his trial, which appellant argues were protected under the First Amendment. This court will reverse a sentence that: (1) is based solely on improper considerations and cannot be justified by additional, valid factors disclosed by an independent review of the record; or (2) constitutes a clear abuse of discretion. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) (allowing for reversal of sentences when the record does not establish the existence of any proper aggravating factors); *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981) (reviewing a sentencing decision, based partially on valid sentencing considerations, for a clear abuse of discretion), *overruled on other grounds, State v. Givens,* 544 N.W.2d 774, 777 n. 4 (Minn.1996).

"A defendant must not be punished for exercising rights that are constitutionally guaranteed." *State v. Pickett,* 375 N.W.2d 105, 108 (Minn.App.1985), *review denied* (Minn. Dec. 19, 1985); *see also Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort...."); *United States v. Bangert,* 645 F.2d 1297 (8th Cir.1981) ("Consideration of political beliefs, as distinguished from criminal activity, would clearly be impermissible in determining defendants' sentences, because it would impair the rights of the defendants under the First Amendment, protecting public expression of their political beliefs, by words and symbols."). Here, in sentencing appellant, the district court stated:

> In figuring out how to handle this matter, I agree ... that there is nothing wrong with disputing the Court's finding. That's part of the system and I see it all the time, and it's almost to be expected. Disagreeing and disputing and fighting for your rights is one thing, but misleading the public through your access to the media is another.
>
> It's one thing to be quiet or not agree with what's being said about you; it's another to turn it around and point the finger at the police and to call them, in effect, corrupt, racist, and biased, and to, in effect, repeat the same thing about the Court. I think the probation officer was right, who pointed out that your main concern here is the effect this whole matter has had on your reputation which you've worked so hard to develop. You do have a good reputation in the community. I will say that I am less concerned by the DWI than I am by the assault on the officers, and that will be reflected in the sentence.

With regard to the district court's final statement, we observe that appellant did receive a greater sentence for his assault charge than for his DWI charge. On the second-degree DWI count, appellant was sentenced to 365 days in the workhouse, with 305 days stayed for four years. On the fourth-degree assault count, appellant was sentenced to 365 days in the workhouse, with 245 days stayed for two years. These sentences were concurrent. Of the 120 days, appellant was required to serve 60 days in the workhouse immediately and allowed to serve the remainder on electronic home monitoring.

■ Both of these crimes were gross misdemeanors, which carry a maximum penalty of 365 days in jail. And we note that in gross-misdemeanor cases, a district court has broad discretion to sentence a defendant within the statutory limits. *See State v. Lambert*, 392 N.W.2d 242, 243 (Minn.1986). It is true that under Minn. Stat. § 169A.275, subd. 1 (2006), there is a mandatory minimum sentence for a second DWI offense based on a prior DWI conviction. That subdivision requires a sentence of either "(1) a minimum of 30 days of incarceration, at least 48 hours of which must be served in a local correctional facility; or (2) eight hours of community work service for each day less than 30 days that the person is ordered to serve in a local correctional facility." However, it is simply not apparent to us that the district court imposed a greater sentence upon appellant than it otherwise would have as a result of appellant's out-of-court statements.

■ Moreover, assuming these statements were constitutionally protected speech, and while it is true that the district court mentioned them during sentencing, it does not appear that appellant's sentence was based on these statements. In later considering (and rejecting) appellant's argument that his sentence was improperly based on his protected speech, the district court clarified that "the only question" before it at sentencing was whether mitigating circumstances justified a more lenient sentence, and specifically found that appellant lacked the mitigating factor of remorse. We find no error in the district court's refusal to impose a more lenient sentence upon appellant for this reason. First, the district court's finding that appellant exhibited a lack of remorse was sufficiently based on a factor other than appellant's out-of-court statements, namely appellant's refusal to address his conduct at any point in the proceedings, including at his sentencing. Second, even if the district court erred in finding that appellant lacked remorse, the existence of a mitigating factor does not compel the district court to impose a more lenient sentence. *State v. Wall*, 343 N.W.2d 22, 25 (Minn.1984).

The district court ordered appellant to serve the first 60 days of his sentence in the workhouse beginning on the day of the sentencing hearing and appellant was taken into custody for the immediate execution of his sentence. Appellant's attorney engaged in an off-the-record discussion with the district court, and then stated his desire to be heard on the record. Appellant's attorney stated:

Judge, since the Court has indicated that [appellant] is to be taken into custody today and will not permit him to have a report date on the Workhouse sentence, [appellant], as I indicated to the Court at the Bench, is unprepared for this. He does have his mother here. We would ask the court to stay the sentence pending his appeal of this case and to let bail continue.

The court replied:

I believe the Court has basically been put in the position where, by showing any kind of lenience in the manner you are suggesting, it would suggest to the public and those present that his defenses that he has put up and his accusations about police corruption and court corruption have merit. I believe, as he had access to the media and misused it by misleading the public, *I have to send a message that I do not find credible what he has asserted in his defense, and the best way that I can do it is by taking him into custody today.*

(Emphasis added.) Appellant's counsel asserted that (1) appellant had never impugned the district court's integrity, (2)

allowing appellant to begin serving his sentence on a later date did not lessen the severity of his sentence, and (3) appellant would have to serve his entire sentence if he was allowed to report later and failed to do so. The district court acknowledged these points, but refused to modify its decision.

The district court's comments did reflect a poor choice of words because they created the false impression that the district court was not basing its decision on the underlying facts and circumstances present in the record before it. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (stating that the fact-finder has the responsibility "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). However, we have carefully reviewed the entire record and conclude that while the district court's choice of words may have given that impression, this is not what the district court in fact did. What the district court did here was clearly within its discretion and it should not be unexpected that a defendant convicted of two gross misdemeanors would be taken into custody at the end of a sentencing hearing. We also note that appellant had almost a month before his sentencing hearing to arrange his personal affairs. But even if we assume that the district court based its refusal to stay the execution of appellant's sentence solely on the basis of appellant's statements, more than 120 days have passed since that date. Appellant's time in the workhouse and on electronic home monitoring have already been served. This issue is therefore also moot. *See In re Schmidt*, 443 N.W.2d 824, 826 (Minn.1989) (holding that if an appellate court cannot grant effectual relief, the issue is deemed moot). Accordingly we refuse to disturb appellant's sentence.

### III. Appellant fails to show that the district court did not afford him a presumption of innocence and the benefit of reasonable doubt.

Finally, appellant asserts that the district court failed to afford appellant the presumption of innocence and the benefit of all reasonable inferences. "The presumption of innocence is a basic component of the fundamental right to a fair trial." *State v. Bowles*, 530 N.W.2d 521, 529 (Minn.1995). Appellant relies on what he characterizes as two deficiencies in the evidentiary record in support of this assertion. This court's review is limited to determining whether the fact-finder, "giving due regard to the presumption of innocence and to the state's burden of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty based on the facts in the record and any legitimate inferences therefrom." *State v. Wallace*, 558 N.W.2d 469, 472 (Minn.1997).

Appellant apparently argues that reasonable inferences from the record support a reasonable doubt as to his guilt, first because there were two implied-consent advisory forms admitted into evidence that were, in appellant's description, different and conflicting. Admitted into evidence at appellant's omnibus hearing as Exhibits 2 and 3 were two different implied-consent advisory forms prepared by the same police officer. In examining these two forms, however, it is apparent that one is merely an incomplete version of Exhibit 3. And the officer who filled out both forms testified at appellant's omnibus hearing that he filled out a second form because he considered the first form illegible. The existence of two copies of the implied-consent form does not indicate any unfairness or duplicity on the part of either that police officer or the district court

proceedings, and does not indicate that any reasonable doubt exists as to appellant's guilt.

Second, appellant argues that the video exhibit showed that appellant was asked twice if he was refusing to submit to chemical testing, and both times he replied that he was not. But, as discussed above, the record includes police officers' statements that (1) the videotape ran out before appellant was asked to submit to chemical testing, and (2) appellant was asked to submit to chemical testing, and refused to answer. In light of this evidence, we reject appellant's argument that his refusal to submit to testing was not proved beyond a reasonable doubt.

## DECISION

Because sufficient evidence supports appellant's convictions, appellant's sentence was not improperly affected by his out-of-court statements, and appellant's argument that he was not afforded a presumption of innocence is unavailing, we affirm.

**Affirmed.**