*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2130**

State of Minnesota,
Respondent,

vs.

Dusty Lee Littledog,
Appellant.

**Filed September 8, 2014
Affirmed
Connolly, Judge**

Stearns County District Court
File No. 73-CR-12-10882

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, Scott A. Hersey, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

**CONNOLLY**, Judge

On appeal from his conviction of felony terroristic threats, appellant argues that he is entitled to withdraw his *Alford* plea because it lacks an adequate factual basis and is invalid as a matter of law. We affirm.

## FACTS

On November 24, 2012, an officer of the St. Cloud Police Department responded to a call reporting a disorderly male. At the scene, the officer made contact with appellant, Dusty Lee Littledog.[1] Appellant appeared very intoxicated and a preliminary breath test revealed an alcohol concentration of .26. The officer informed appellant that he would be transported to a detoxification center, placed him in the squad car, and then began to drive to the center.

During the ride, appellant became agitated, pounded on the plastic divider between the front and back seat of the squad car, and began screaming. The officer stopped the car, placed appellant under arrest, and began to drive to the Stearns County Jail. Appellant told the officer that he would find him when he got out of jail and "choke him out" and then threatened to kill the officer.

Respondent State of Minnesota charged appellant with felony terroristic threats (reckless disregard) in violation of Minn. Stat. § 609.713, subd. 1 (2012). Appellant entered an *Alford* plea to the charge. The district court accepted appellant's plea and

---

[1] Appellant spells his last name "Little Dog" on the record. However, the last name is spelled "Littledog" in court records and throughout both parties' briefs.

eventually sentenced him to 23 months in prison, which is the lowest sentence within the presumptive box. The record indicates that the presumptive guideline range for the offense was 23-32 months in prison. This appeal follows.

**D E C I S I O N**

**I.      Withdrawal of Guilty Plea**

Appellant argues that he is entitled to withdraw his *Alford* plea because it "lacks an adequate factual basis and is invalid as a matter of law." We disagree.

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). After a defendant is sentenced, a defendant may withdraw a guilty plea only by establishing that withdrawal is necessary to correct a "manifest injustice." Minn. R. Crim. P. 15.05, subd. 1; *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A defendant may establish a manifest injustice by showing that his guilty plea is not valid. *Theis*, 742 N.W.2d at 646. For a guilty plea to be valid, it "must be accurate, voluntary and intelligent. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). If a guilty plea fails to meet any of these three requirements, the plea is invalid. *Theis*, 742 N.W.2d at 650. The accuracy requirement protects the defendant from pleading guilty to a more serious offense than he or she could be properly convicted of at trial. *Alanis v. State*, 583 N.W.2d 573, 577 (Minn. 1998), *abrogated in part by Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). This court applies a de novo standard of review to a determination that a guilty plea is valid. *Raleigh*, 778 N.W.2d at 94. The "defendant bears the burden of showing his plea was invalid." *Id.*

3

"A proper factual basis must be established for a guilty plea to be accurate." *Ecker*, 524 N.W.2d at 716. A plea's factual basis is adequate if there are "sufficient facts on the record to support a conclusion that [the] defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted). "The factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty." *Id.* at 350. "The [district] court should not accept the plea unless the record supports the conclusion that the defendant actually committed an offense at least as serious as the crime to which he is pleading guilty." *State v. Trott*, 338 N.W.2d 248, 251-52 (Minn. 1983).

Here, appellant entered an *Alford* plea. An *Alford* plea is a plea under which the defendant acknowledges that the record establishes his guilt and that he reasonably believes the state has sufficient evidence to secure a conviction, but does not expressly admit the factual basis for guilt and maintains his innocence. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970); *see also State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (recognizing *Alford* pleas in Minnesota). A defendant submitting an *Alford* plea must merely "agree[ ] that evidence the [s]tate is likely to offer at trial is sufficient to convict." *Theis*, 742 N.W.2d at 649. The defendant must "specifically acknowledge on the record at the plea hearing that the evidence the [s]tate would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty." *Id.* If the defendant has made such an acknowledgment, the district

court must determine whether there is an independent basis to conclude that there is a strong probability that a jury would find the defendant guilty. *Id.*

## A.    Factual Basis

Appellant argues that the record does not contain an adequate factual basis to support his *Alford* plea. We disagree. There is no required method for establishing a plea's factual basis. *Vernlund v. State*, 589 N.W.2d 307, 311 (Minn. App. 1999). "In the context of an *Alford* plea . . . the better practice is for the factual basis to be based on evidence discussed with the defendant on the record at the plea hearing." *Theis*, 742 N.W.2d at 649. However, "[i]t has been established that a district court may consider the facts alleged in a criminal complaint in determining whether an adequate factual basis exists for a plea."[2] *State v. Eller*, 780 N.W.2d 375, 381 (Minn. App. 2010), *review denied* (Minn. June 15, 2010). The best practice for ensuring the protective purpose of the accuracy requirement is to have the defendant acknowledge, at the plea hearing, that the evidence is sufficient to find him guilty beyond a reasonable doubt. *Theis*, 742 N.W.2d at 649.

To be convicted of terroristic threats (reckless disregard) a defendant must (1) threaten to commit a crime of violence (2) in reckless disregard of the risk of

---

[2] Appellant argues that the court may not consider the complaint in order to form an adequate factual basis. Appellant relies on the court's decision in *Theis* which states that a complaint cannot support a factual basis where a defendant maintains his innocence, and does not "affirm that the evidence supporting these allegations would lead a jury to find him guilty." *Theis*, 742 N.W.2d at 650. Here, appellant's case is distinguishable from *Theis* because appellant acknowledged that there was a substantial likelihood that the evidence would lead a jury to find him guilty.

terrorizing another. Minn. Stat. § 609.713, subd. 1. A crime of violence includes all degrees of murder and manslaughter. *See* Minn. Stat. § 609.713, subd. 1; Minn. Stat. § 609.1095, subd. 1(d) (2012).

The following exchange occurred at the plea hearing between the state and appellant:

> Q: Mr. Little Dog, I just have some questions for you at this time, okay? You understand that if you were to go forward with trial, I have the opportunity to present my case; correct?
> A: Yep.
> Q: Okay. And as part of my case, I would call [the officer] to the stand; correct?
> A: Yep.
> Q: All right. And I would also submit into evidence a squad video from November 24th, 2012, around 1:05 p.m.; correct?
> A: Yep.
> Q: All right. And through [the officer's] testimony, he would testify that on that date around that time, he stopped you near the intersection of 9th Avenue and 8th Street North in the [C]ity of St. Cloud, [C]ounty of Stearns; correct?
> A: Um, it's actually Benton County, but yeah.
> Q: Okay. But at one point, he found out in that area that you were rather intoxicated; correct?
> A: Yep.
> Q: All right. And he would testify that he made the decision then to transport you to detox; correct?
> A: Yep.
> Q: All right. And he would testify and you would also see in the squad video that at one point during this transport, you became angry and started pounding your fists up against the divider in the squad car; correct?
> A: Yep.
> Q: Okay. And at that point the decision was made to place you under arrest and transport you to the Stearns County Jail; correct?
> A: Yep.
> Q: Okay. And at that point while reaching the Stearns County side of St. Cloud, [the officer] would testify and the squad video would show that you were pretty angry; correct?

6

A: Yep.

Q: Okay. *And that at one point you threatened to kill [the officer]; correct?*

A: *Yep.*

Q. Okay. And [the officer], as you've read from the police reports, would testify that he was disturbed by this threat; correct?

A. Yep.

Q. Okay. And through all of this, the jury could easily conclude that you made this threat in reckless disregard for [the officer] feeling terror as a result; right?

A. Yeah.

Q. Okay. *And after showing all this evidence, [there is] a substantial likelihood that you would be found guilty; correct?*

A. *Yeah.*

(Emphasis added.)

Here, we conclude that appellant's testimony at his plea hearing established a strong factual basis to support a conviction of terroristic threats. Appellant agreed that he threatened to kill the officer and that a jury could easily conclude he made the threat in reckless disregard for the officer feeling terror as a result. Appellant also agreed that after showing all the evidence, there was a substantial likelihood that he would be found guilty. Moreover, appellant acknowledged that the officer's testimony and the squad car video would show that he threatened to kill the officer. The officer's testimony and the video would also show that appellant made the threat to kill the officer immediately after threatening to find him when he got out of jail and "choke him out." We conclude that this evidence establishes an adequate factual basis to support appellant's conviction of terroristic threats (reckless disregard). *See State v. Bjergum*, 771 N.W.2d 53, 57 (Minn. App. 2009) (stating that a defendant recklessly disregards the risk of terrorizing another if

he recklessly risks the possibility that his statements would be taken as threats by another and that they would cause extreme fear, but it is not necessary to prove that another actually experienced extreme fear), *review denied* (Minn. Nov. 17, 2009).

### 1. Threat

Appellant argues that the state failed to show that his statement, in the context it was made, could reasonably be perceived as a threat because the factual basis only established that he made an expression of transitory anger.[3] We disagree. Whether a statement constitutes a threat, as an element of the offense of making terroristic threats, "turns on whether the communication in its context would have a reasonable tendency to create apprehension that its originator will act according to its tenor." *State v. Schweppe*, 306 Minn. 395, 399, 237 N.W.2d 609, 614 (1975) (quotation omitted). "The terroristic-threats statute is not intended to authorize grave sanctions against the kind of verbal threat which expresses transitory anger, which lacks the intent to terrorize." *State v. Smith*, 825 N.W.2d 131, 137 (Minn. App. 2012) (quotation omitted), *review denied* (Minn. Mar. 19, 2013). A plea's factual basis is adequate if there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Iverson*, 664 N.W.2d at 349 (quotation omitted).

---

[3] Appellant also argues that he was so intoxicated, that no person could reasonably take his threats seriously. This argument fails. The voluntary intoxication defense is available only for crimes with a specific intent element, and thus not for reckless disregard threats. *Bjergum*, 771 N.W.2d at 56-57. Moreover, intoxication is a defense, and the state is not required to disprove a defense during the factual basis for a guilty plea. Minn. Stat. § 609.075 (2012). Even if the state was required to do so, the appellant acknowledged on the record that he did not claim that he was so drunk or under the influence of drugs or medicine at the time of the crime that he did know what he was doing.

The record establishes that the statement made by appellant, in this context, would have a reasonable tendency to create apprehension that he would act on his threat. Appellant agreed that a jury could easily conclude that he made this threat in reckless disregard for the officer feeling terror as a result, and through this evidence, there was a substantial likelihood that he would be found guilty. Appellant also admitted at his plea hearing that during transportation to the detoxification center he became angry, started screaming, and pounded his fists against the divider in the squad car. After being placed under arrest, appellant threatened to find the officer when he got out of jail and "choke him out" and then threatened to kill him. Moreover, the record establishes that the officer would testify that he was disturbed by the threat. Consequently, we conclude that the record establishes a strong factual basis to find that appellant's statement could be perceived as a threat.

## 2. Intent

Appellant argues that the factual basis for his plea did not establish that he knew, or had reason to know that his statement would cause terror in the officer.[4] Intent, as an element of a criminal offense, is a state of mind that is generally proved using circumstantial evidence by drawing inferences from the defendant's words and actions in light of the totality of the circumstances. *Smith*, 825 N.W.2d at 136. "[D]eclaring the

---

[4] Respondent argues that by pleading guilty the appellant waived any claims that he did not have the intent to act in a reckless disregard of the risk of causing terror to the victim. However, "a claim that the factual basis for the plea was insufficient . . . is a challenge to the validity of the plea itself." *Iverson*, 664 N.W.2d at 350. "[B]y pleading guilty, a defendant does not waive the argument that the factual basis of his guilt was not established." *Id.*

intent to injure by an unlawful act constitutes a terroristic threat when the person who utters the statement recklessly disregards the risk of terrorizing another." *Bjergum*, 771 N.W.2d at 57. "[A] person acts 'recklessly' when he consciously disregards a substantial and unjustifiable risk that the element of an offense exists or will result from his conduct." *State v. Cole*, 542 N.W.2d 43, 51 (Minn. 1996).

The factual basis for appellant's plea and the surrounding circumstances demonstrate that appellant made a threat in reckless disregard of the risk of causing terror. Appellant admitted that a jury could easily conclude he made the threat in reckless disregard for the officer feeling terror as a result, and that after showing all the evidence, there was a substantial likelihood that he would be found guilty. Moreover, just before appellant threatened to kill the officer, he threatened to find the officer when he got out of jail and "choke him out." Furthermore, the record establishes that the officer would testify that he was disturbed by the threat. *See Schweppe*, 237 N.W.2d at 614 (stating that a "victim's reaction to [a] threat [is] circumstantial evidence relevant to the element of intent of the defendant in making the threat."). We therefore conclude that the district court established a sufficient factual basis to determine that appellant recklessly disregarded the risk that his statement would be interpreted as a threat.

## B. Independent Findings

Appellant argues that his *Alford* plea is invalid because the district court failed to make its own "independent findings" that there was a strong probability appellant would be found guilty of the charge. We disagree. A "strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction provide the court with

a basis to independently conclude that there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty," regardless of his claims of innocence. *Theis*, 742 N.W.2d at 649. "In such a circumstance, the court can ensure that an *Alford* plea meets the accuracy prong." *Id.*

Here, the state discussed the evidence it would present at trial, and, established a strong factual basis that demonstrates appellant's guilt. Appellant also acknowledged that there was a substantial likelihood the evidence was sufficient to find him guilty. The judge then accepted the plea, stating, "I find there's sufficient factual basis on which the defendant can enter his guilty plea." We conclude that the district court independently determined there was a strong likelihood that appellant would be found guilty of the charge.

**Affirmed.**