*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0114**

State of Minnesota,
Respondent,

vs.

Sergey Alekseyevich Porada,
Appellant

**Filed October 14, 2014
Affirmed; motion granted
Worke, Judge**

Hennepin County District Court
File No. 27-VB-13-10682

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Peter A. MacMillan, MacMillan, Wallace & Athanases, P.A., Minneapolis, Minnesota
(for respondent)

Sergey Porada, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and
Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant argues that the district court erred by finding him guilty of disobeying a
traffic light and denying his request to vacate the traffic citation.  We affirm.

# DECISION

Appellant Sergey Alekseyevich Porada argues that the district court erred when it found that the state proved him guilty of illegal movement on a red light. Porada challenges the sufficiency of the evidence. In reviewing a claim of insufficient evidence, we apply the same standard to a jury trial or a bench trial. *State v. Hughes*, 355 N.W.2d 500, 502 (Minn. App. 1984), *review denied* (Minn. Jan. 2, 1985). We review the record to determine whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to allow the fact-finder to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We will not disturb the verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Drivers of vehicles are required to "obey the instructions of any official traffic-control device." Minn. Stat. § 169.06, subd. 4(a) (2012). "Vehicular traffic facing a circular red signal alone must stop . . . ." *Id.*, subd. 5(a)(3)(i) (2012). The district court concluded that Officer Mason Barland's testimony, which was corroborated by the video recording of the incident from the officer's squad car, established that Porada failed to stop at a red light.

Porada argues that the district court improperly relied on Officer Barland's testimony because the officer did not see him move on a red light. Officer Barland testified that he was in a parking lot on the southeast corner of the intersection of 36th Avenue and Douglas Drive in the city of Crystal, Minnesota. Porada travelled eastbound

on 36th Avenue, toward the officer. Barland was familiar with the operation of the lights at the intersection and was aware that the lights controlling eastbound and westbound traffic turned various colors simultaneously. Barland observed the light for westbound traffic, which is directly tied to eastbound traffic, change to yellow and then to red when Porada drove his vehicle through the intersection. The district court believed the officer's testimony, which was corroborated by the video recording. *See Miles v. State*, 840 N.W.2d 195, 201 (Minn. 2013) (stating that appellate courts defer to a district court's credibility determinations).

Porada asserts that the district court was required to believe him and his witness, who was his passenger and his wife. Porada asserts that the district court "demonstrated bias and national origin discrimination." But he fails to provide any evidence that the district court was biased. And his alleged error is based on "mere assertion" and is not supported by argument or authority. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) (stating that alleged error not supported by argument or authority is waived unless prejudicial error is obvious), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).

Porada also argues that the state failed to provide the court with any evidence that the light was functioning correctly. Officer Barland testified that there was no indication that the traffic-control signal was not working properly. He stated that the light cycle is approximately 17 seconds. Porada argues that 17 seconds is not the "correct semaphore cycle." But regardless of the cycle, "traffic facing a circular red signal alone must stop."

Minn. Stat. § 169.06, subd. 5(a)(3)(i). Drivers are not allowed to follow only a "*correct semaphore cycle.*" Drivers are required to obey the signaled lights.

Porada additionally argues that the state failed to provide evidence from MnDOT or other authority indicating the correct length of the light phases of the semaphore. But, again, this argument fails to address the issue. A driver is not allowed to time the movement of his or her vehicle based on an assumed time pattern. A driver is required to follow the light indicators as they change. A red light indicates to a driver that the driver must stop, regardless if the red light appears before anticipated by a driver.

Lastly, Porada argues that the district court erred by failing to grant his request to vacate the traffic citation and remove it from his record. Porada moved the district court after filing this appeal, thus, it is not an issue properly before this court. Additionally, there is no basis for removing the citation from Porada's record.

The state moves this court to strike Porada's appendix. We grant this motion because the district court record does not contain any of these documents. *See* Minn. R. Civ. App. P. 110.01 (stating that "[t]he papers filed in the [district] court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases").

**Affirmed; motion granted.**