*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0213

State of Minnesota,
Respondent,

vs.

Sulaiman Sharif Maye,
Appellant.

**Filed December 28, 2015**
**Reversed and remanded**
**Minge, Judge***
**Dissenting, Smith, Judge**

Hennepin County District Court
File No. 27-CR-14-25967

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Smith, Judge; and Minge, Judge.

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

In this appeal seeking to withdraw his guilty plea, appellant Sulaiman Sharif Maye argues that the plea was invalid because the facts were established only by conclusory leading questions and the factual basis was, therefore, insufficient to support his conviction for felony domestic assault. Because the factual basis was insufficient to establish the intent element of that offense, we reverse and remand.

## FACTS

Appellant was charged with one count each of two felonies: violating a domestic-abuse-no-contact order in violation of Minn. Stat. § 629.75, subd. 2(d)(1) (2014), and domestic assault in violation of Minn. Stat. § 609.2242, subd. 4 (2014). The complaint alleged that on August 30, 2014, appellant's ex-wife, A.J., was walking down the street when appellant approached her, yelled at her, pushed her to the ground, and punched her repeatedly with closed fists. According to the complaint, appellant admitted being in the area and seeing A.J. but denied making any contact with her.

Appellant pleaded guilty to the felony domestic-assault charge in exchange for dismissal of the other charge and a 21-month sentence, stayed for five years. At the plea hearing, defense counsel reviewed the terms of the plea petition with appellant. Appellant testified that he had reviewed the plea petition, including his constitutional rights, with defense counsel before signing it. Defense counsel advised appellant of his constitutional rights on the record at the plea hearing, and appellant testified that he understood and waived them.

On the plea petition, appellant wrote that he was pleading guilty because he "intentionally caused fear upon a family member." At the plea hearing, defense counsel set forth a factual basis for appellant's plea as follows:

> DEFENSE COUNSEL: . . . I'd like to direct your attention back to August 30 of 2014. Do you recall that day?
> APPELLANT: Yes.
> DEFENSE COUNSEL: And as I understand it, you have a relationship, a romantic relationship, with a woman that we'll identify by the initials, AJ. Is that correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: And, in fact, you and AJ have a child together, correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: I believe that's a little boy that's about a year and a half old, correct?
> APPELLANT: Yes.
> DEFENSE COUNSEL: Going back to August 30 of 2014, it's my understanding that you and AJ got into a dispute or an argument. Is that correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: And during that argument, it's my understanding that you engaged in acts that were, the intention of which was to cause her to be in fear. Is that correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: I also understand that on August 6 of 2012, you were convicted of a first-degree assault. Is that correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: On July 24 of 2013, you were convicted of a domestic assault. Is that correct?
> APPELLANT: Correct.
> DEFENSE COUNSEL: And on December 12 of 2012, you were convicted of violating a domestic abuse no contact order. Is that also correct?
> APPELLANT: Correct.

The following colloquy then occurred:

> THE PROSECUTOR: [Appellant], when you approached AJ on the street, what did you do?

3

DEFENSE COUNSEL: I think that's been asked and answered.

THE PROSECUTOR: I would like to know just for the record what he actually, if physical contact was made, Your Honor.

THE COURT: Was this an assault fear charge or assault harm charge?

THE PROSECUTOR: There is physical contact, assault harm.

DEFENSE COUNSEL: Well, if I may, Your Honor. I'm looking at Count 2 of the complaint, and the charge is that he intentionally caused fear.

THE COURT: Or harm.

DEFENSE COUNSEL: And I believe there's already been a sufficient factual basis on the grounds that [he] intentionally caused fear. I believe that's a sufficient factual basis. Anything else would be duplicative plus I believe that question has already been asked and answered.

THE COURT: And the charge is in the alternative, and the defendant did admit engaging in contact that he recognized would cause [A.J.] to fear physical harm. And that's true; is that right, [appellant]?

APPELLANT: Yes . . . .

The district court deferred acceptance of appellant's plea until the sentencing date. On November 6, 2014, the district court accepted appellant's plea and sentenced him according to the plea agreement. This appeal followed.

**DECISION**

Appellant argues that his plea was invalid because the facts were established only by conclusory leading questions and the factual basis was, therefore, insufficient to support his conviction. Appellant did not seek plea withdrawal before the district court, but a defendant may "appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate." *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). To withdraw a guilty plea after sentencing, a defendant must show withdrawal is necessary to correct a manifest injustice. *State v. Raleigh*, 778 N.W.2d 90,

4

93-94 (Minn. 2010) (citing Minn. R. Crim. P. 15.05, subd. 1). A manifest injustice exists when a court accepts an invalid guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Whether a guilty plea was valid is a question of law, which we review de novo. *Raleigh*, 778 N.W.2d at 94. The defendant has the burden to show that a plea was invalid. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012).

To be valid, a plea must be accurate, voluntary, and intelligent. *Theis*, 742 N.W.2d at 646. To ensure that these criteria are met, certain benchmark requirements are a key part of the plea process. To be voluntary, the plea must not be the result of improper pressure or coercion. *Raleigh*, 778 N.W.2d at 96. For a plea to be intelligent, the defendant must understand the charges against him, the rights he is waiving, and the consequences of the plea. *Id.* The parties agree that the record shows that appellant's plea was voluntary and intelligent.

"The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* at 94. For a plea to be accurate, it "must be established on a proper factual basis." *Id.* "There must be sufficient facts *on the record* to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Lussier*, 821 N.W.2d at 588 (quotation omitted). "The district court typically satisfies the factual basis requirement by asking the defendant to express in his own words what happened." *Raleigh*, 778 N.W.2d at 94.

To support a conviction of the offense to which appellant pleaded guilty, the state is required to prove that a defendant "commit[ed] an act with intent to cause fear in another

5

of immediate bodily harm or death" or "intentionally inflict[ed] or attempt[ed] to inflict bodily harm upon another." Minn. Stat. § 609.2242, subd. 1 (2014). The statute requires discrete "acts" or actual fear inducing conduct or actions that at least attempt to cause actual injurious harm. "With intent to" and "intentionally" mean "that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(3), (4) (2014). "[I]ntent is a subjective state of mind usually established only by reasonable inference from surrounding circumstances." *State v. Slaughter*, 691 N.W.2d 70, 77 (Minn. 2005) (quotation omitted).

The supreme court has repeatedly discouraged the use of only leading questions to establish a factual basis for a conviction. *Lussier*, 821 N.W.2d at 589; *see also Raleigh*, 778 N.W.2d at 94 ("The court should be particularly wary of situations in which the factual basis is established by asking a defendant only leading questions."); *State v. Ecker*, 524 N.W.2d 712, 717 (Minn. 1994) (stating, "we again discourage the use of leading questions to establish a factual basis"). But "a defendant may not withdraw his plea simply because the court failed to elicit proper responses if the record contains sufficient evidence to support the conviction." *Raleigh*, 778 N.W.2d at 94. The factual-basis requirement is satisfied if the record contains credible evidence, such as witness statements or a grand-jury transcript, that would support a jury verdict that defendant was guilty of at least as great a crime as that to which he pleaded guilty. *Lussier*, 821 N.W.2d at 588. "[T]he plea petition and colloquy may be supplemented by [such] other evidence to establish the factual basis for a plea." *Id.*

To determine appellant's intent, it is necessary to know what acts appellant committed and conduct he engaged in. Here, the allegations in the complaint are the only description of acts or conduct of appellant. We recognize that in *State v. Trott*, the supreme court stated that a "defendant, by his plea of guilty, in effect judicially admitted the allegations contained in the complaint." 338 N.W.2d 248, 252 (Minn. 1983). But in *Trott*, unlike this case, the defendant admitted committing the specific acts alleged in the complaint: being enraged and beating the six-year-old victim with a three-foot board for up to ten minutes. *Id.* at 250, 252. Trott argued on appeal that the factual basis was inadequate to show that the board, as used, was a dangerous weapon or that he inflicted all of the victim's injuries, and it was in that context that the supreme court allowed the defendant's admissions to be supplemented by the complaint. *Id.*

Here, at the time of his arrest, appellant denied the allegations in the complaint. There is no subsequent admission of the specific evidence substantiating the allegations. Rather, at the plea hearing, appellant gave simple "yes" and "no" answers to general, conclusionary questions asked by the court and by defense counsel. He never was asked or volunteered or admitted to any specific acts or conduct that may have caused fear of or actual bodily harm. Without the specifics adequate to support a conviction, we have no way of knowing whether appellant still denies the specific conduct recited in the complaint. Without admissions and personal statements, we are presented with a situation in which the accused may actually be pleading guilty to a crime more serious than what would be supported by the record. Defense counsel may have negotiated a favorable plea agreement and convinced appellant to accept it. If there is a risk that explicit questions and demand

7

for admissions might lead a defendant to deny specific acts and subvert the guilty plea, an *Alford* plea could be used. *See North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970) (adopted in Minnesota by *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977)). This allows a defendant to accept a conviction after careful warnings when the defendant claims innocence, but there is both a strong factual basis to support the conviction, and the defendant agrees that the evidence is sufficient to support the conviction. *Theis*, 742 N.W.2d at 649. But here we have neither an *Alford* plea nor an admission of specific facts, supporting the conclusion that appellant committed a crime at least as serious as the one he was convicted of committing. Based on this record, we reverse and remand to permit appellant to withdraw his plea.

**Reversed and remanded.**

_____
Judge David Minge

**SMITH**, Judge (dissenting)

I respectfully dissent. Appellant seeks to withdraw his plea to correct a "manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. There is no manifest injustice here.

The majority acknowledges that "[t]he record shows that appellant's plea was voluntary and intelligent." This conclusion is certainly supported by the appellant's plea petition, his August 6, 2012 conviction for first-degree assault, his July 24, 2013 conviction for domestic assault, and his December 12, 2012 conviction for violation of a domestic abuse no contact order.

The basis for appellant's claim of manifest injustice therefore rests on his argument that the plea was not accurate. An examination of the record demonstrates that everyone in the courtroom—the appellant, the defense counsel, the prosecutor, and the judge—knew exactly what the appellant was pleading guilty to.

Appellant has the burden of showing that his plea was invalid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). A defendant does not have an absolute right to withdraw a guilty plea. *Id.* at 93. In determining whether a plea is valid, this court has found that "a district court may consider the facts alleged in a criminal complaint in determining whether an adequate factual basis exists for a plea." *State v. Eller*, 780 N.W.2d 375, 381 (Minn. App. 2010), *review denied* (Minn. June 15, 2010); *see State v. Trott*, 338 N.W.2d 248, 252 (Minn. 1983) ("[D]efendant, by his plea of guilty, in effect judicially admitted the allegations contained in the complaint."). Here, the defense attorney, as part of the objection to the prosecutor asking more questions about the facts

in the case, referred the district court to the complaint: "I'm looking at [c]ount 2 of the complaint, and the charge is that he intentionally caused fear."

The defense attorney then asserted that a sufficient factual basis had been established by the questioning. The district court then affirmed this with the appellant, "[A]nd the defendant did admit engaging in contact that he recognized would cause [A.J.] to fear physical harm. And that's true, is that right, [appellant]?" The appellant answered, "Yes . . . ."[1]

While no person should be punished for something they did not do, neither should victims of crimes nor the criminal justice system be burdened with the uncertainty caused by a lack of finality in judgments.

> But once the plea is accepted and a judgment of conviction is entered upon it, the general policy favoring the finality of judgments applies to some extent, at least, in criminal . . . cases. The tender and acceptance of a plea of guilty is and must be a most solemn commitment. While the state has no reason to imprison a man for a crime which he did not commit, [w]e are not disposed to encourage accused persons to play games with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial by setting aside judgments of

---

[1] The appellant made no claim of innocence at the time of the plea, nor does he do so now as part of this appeal. A claim of innocence is not necessary to withdraw a guilty plea under the manifest-injustice standard. Minn. R. Crim. P. 15.05, subd. 3. But the accuracy requirement for a valid guilty plea, the basis on which the majority reverses, requires only that the district court establish a "proper factual basis," meaning a sufficient record to "suppor[t] the conclusion that the defendant actually committed an offense at least as serious as the crime to which he is pleading guilty." *Barrow v. State*, 862 N.W.2d 686, 691 (Minn. 2015) (quotation omitted). Appellant's admission to the district court that he engaged in the relevant criminal conduct established an adequate factual basis, and the lack of a claim of innocence undercuts the conclusion that there is a manifest injustice.

conviction based upon pleas made with deliberation and accepted by the court with caution.

*Chapman v. State*, 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968) (quotation omitted).

Based upon the entire record and the totality of the circumstances of the plea, the plea was accurate and no manifest injustice exists. I would affirm.

John P. Smith